UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SANDRA LINK | ) | |
|---|---|---|
| | ) | |
| V. | ) | NO. 2:15-CV-272 |
| | ) | |
| LAUGHLIN MEMORIAL HOSPITAL, INCORPORATED | ) ) | |

MEMORANDUM AND ORDER

This action was brought by plaintiff Sandra Link on October 9, 2015, alleging that the defendant retaliated against her in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. The parties subsequently consented to the undersigned United States Magistrate Judge conducting all further proceedings, including trial and entry of a final judgment. An order of reference was entered by the District Judge [Doc. 13]. A scheduling order was then entered on March 2, 2016, setting the trial for April 11, 2017. The parties then commenced to prepare the case for ultimate resolution.

As stated in the last order entered in this case on March 1, 2017 [Doc. 29], the Court entered an order on November 28, 2016 [Doc. 27] stating that plaintiff's counsel, Andy L. Allman, had been suspended from practicing law in the Eastern District of Tennessee, following his suspension by the Tennessee Supreme Court. That November 28th order also advised the plaintiff that she would be required to either obtain new counsel or advise the Court that she would be representing herself. After noting that the Court did not have plaintiff's mailing address, that order required Mr. Allman to send a copy of the order to plaintiff at her last known address, and to certify that he had done so.

When no such certification was filed, the Court called Mr. Allman's office and left a voice message regarding his need to contact the plaintiff. No response to that call was ever received.

Due to concerns that that Mr. Allman had not advised the plaintiff of the status of her case, or forwarded her a copy of the Court's November 28th order, the Court obtained the plaintiff's last known address from counsel for the defendant. The March 1st order specifically advised the plaintiff that she would have have until April 15, 2017 in which to either: (1) retain new counsel and have such counsel enter an appearance on her behalf; or (2) inform the Court *in writing* that she intends to represent herself. It also warned the plaintiff that if she did not take either of these steps on or before April 15, 2017, the Court would dismiss this case in its entirety under Fed. R. Civ. P. 41 for failure to prosecute. A copy of that order was mailed to the plaintiff by the Clerk of the Court. Nothing has been heard from the plaintiff or anyone else in response to that order.

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although the rule itself refers to a motion by a defendant in the case, the Sixth Circuit has held that "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962). *Link* itself held that "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the

Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 629-630. The Sixth Circuit in *Carter*, however, reversed the dismissal of the suit by the trial court because, although the actions of that plaintiff s attorney which led to the dismissal of the case "were wholly insufficient...," the plaintiff was "blameless." *Carter*, *supra*, at 161. It also stated that dismissal should be ordered "only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* citing *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978). The case was "remanded to permit plaintiff a short and reasonable period within which to comply with the district court's orders." *Id*. In *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988), a case which involved a pro se plaintiff, the court stated "[i]n the Sixth Circuit, we have frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders *when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal*." (emphasis added). The *Harris* panel reversed and remanded because there had been no such warning of dismissal, and because the pro se plaintiff had filed a motion to reconsider which the trial court summarily denied. *Id*.

    In the present case, the plaintiff has failed to respond to the March 1st order of this Court. She was warned in that order sent to the address she gave in her October of 2016 deposition that this case would be dismissed unless she either obtained substitute counsel or advised that she would be representing herself. This Court has done all that could reasonably have been done to keep this case from, in the language of *Link*, *supra*,

remaining "dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 629-630. Even if the plaintiff moved sometime after her deposition in October 2016 from the address she gave and left no forwarding address, she should have inquired about the status of her case. It has been over 5 months since her lawyer was suspended from the practice of law, and far longer than that since any activity has occurred in the case other than attempts to advise plaintiff of her perilous situation. Indeed, it has been over 45 days since the March 1st order was sent to her. Such a total failure by a party to advise the Court in which she is a party to a suit of her whereabouts should surely fit the definition of "contumacious" conduct.

Dismissal is a harsh remedy, and the Court has taken all the steps at its disposal to avoid one in this case. However, with the plaintiff failing to fulfill her elemental duty of keeping in touch, this case is stagnating, and the stagnation is prejudicial to the defendant as memories grow cold and witnesses scatter. There is simply no lesser sanction which would move the case forward. Therefore, the plaintiff's case is DISMISSED, but WITHOUT PREJUDICE.

SO ORDERED:

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE